UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

MICHELLE BENNETT                                                                                               PLAINTIFF

v.                                                               CIVIL ACTION NO. 5:24-CV-P138-CRS

DAVID KNIGHT *et al.*                                                                    DEFENDANTS

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff Michelle Bennett is incarcerated as a pretrial detainee at McCracken County Jail (MCJ). Plaintiff sues MCJ Jailer David Knight, MCJ Deputy Jailer Tonya Long, MCJ Deputy Jailer Beck McGinness, MCJ Sergeant Lori Sullenger, and MCJ Sergeant Trent Miller. Plaintiff sues these Defendants in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

> My Eighth Amendment right against cruel and unusual punishment has been violated when on February 24, 2024, [I] was not given toilet paper upon booking. We are given one roll of toilet paper on Sunday when we are given clothing change and our cell searched. The only way we can receive another roll is to remove the cardboard cores of the paper roll. We are given another roll [] on Wednesday . . . . If the cardboard core from Sunday is still intact they then remove it during the search + throw it away. If we buy rolls of commissary they removes these cores as well. So we are given only 4 rolls single ply tissue a week. As females with menstruation issues and different body parts from the male inmate population this is inappropriate and very unhygienic. We have been told we should use no more than 10 squares per bathroom trip.

(DN 1).

As relief, Plaintiff seeks damages and injunctive relief in the form of a "change in policy and termination of responsible for this unjust violation."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the court "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff asserts that her allegations show that Defendants violated her rights under the Eighth Amendment. However, the Eighth Amendment protects the rights of convicted prisoners; it is the Fourteenth Amendment which applies to conditions-of-confinement claims brought by pretrial detainees such as Plaintiff. *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 315 (6th Cir. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398-402 (2015)). Until recently, courts in the Sixth Circuit analyzed Eighth and Fourteenth Amendments under the same rubric. Under this rubric, a prisoner must satisfy a two-prong test by demonstrating that (1) the deprivation alleged is sufficiently serious (the objective prong); and (2) the official responsible for the deprivation exhibited deliberate indifference to the prisoner's health or safety (the subjective prong). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, in *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021), the Sixth Circuit interpreted the Supreme Court's decision in *Kingsley* to

require modification of the subjective prong of this test for pretrial detainees. *Id*. at 596. Notably, *Brawner* left the objective prong "untouched." *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022). Thus, the objective prong for both an Eighth and Fourteenth Amendment conditions-of-confinement claim remains the same.

To satisfy the objective prong, a plaintiff must show "that [s]he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Contemporary standards of decency determine whether conditions of confinement meet this standard. *See, e.g.*, *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Id*. (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Here, Plaintiff seems to allege that she receives up to four rolls of toilet paper a week and that she can purchase additional rolls from the commissary if needed. The Court agrees with the other district courts which have held that claims like this one fail to satisfy the objective prong of a conditions-of-confinement claim. *See*, *e.g.*, *Green v. Caron*, No. 3:22-cv-1397 (KAD), 2023 U.S. Dist. LEXIS 185161, at *17 (D. Conn. Oct. 16, 2023) (concluding, in ruling upon a motion for a preliminary injunction, that the plaintiff had failed to show a clear likelihood of success on the merits of his Eighth Amendment claim based on his allegation that prison officials gave him only one roll of toilet paper per week); *Redwine v. Rutherford Cnty.*, No. 3:15-cv-00244, 2015 U.S. Dist. LEXIS 61279, at *6 (M.D. Tenn. May 11, 2015) ("A limited but regular supply of free toilet paper, with more available for purchase, does not rise to [the requisite] level of deprivation . . . ."); *Hunter v. Helton*, No. 1:10-cv-00021, 2010 U.S. Dist. LEXIS 57179, at *22 (M.D. Tenn. June 10, 2010) (dismissing claim as insufficient because hygienic deprivation was only temporary

where the prisoner alleged that he received only one roll of toilet paper per week and had to use his clothes to wipe when he ran out).

Thus, because the Court finds that Plaintiff's allegations fail to satisfy the objective prong of a constitutional conditions-of-confinement claim, dismissal of this action for failure to state a claim upon which relief may be granted is warranted, and the Court need not consider the subjective prong of the Fourteenth Amendment standard.

**IV.**

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: August 29, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4411.011